Muffin, C. J.
 

 Undér the decree made in this cause at June Term, 1839, the master has made his report; and thereunto each of the defendants has excepted. And, by the consent of counsel, a petition for a re-hearing has also been filed for the defendants, as of the term in which the decree was pronounced. By agreement between the counsel,, the whole matter, opon the petition and upon the report and exceptions, hath been submitted together to the Court.
 

 It, is, of course, proper to dispose of the re-h.earing in the first instance.
 

 The decree declared, amongst other things, that no consideration appeared to have been given or paid by Hutchins for the land, and, therefore, an account was directed of the rents, issues and yearly value of the land, and of the hire, profits and yearly value of the slaves mentioned in the pleadings; and, after giving to the defendant, BtiiTalow, just allowances for any advances he may have made for Steel Boffalow, in case the balance on said account shall be in favor of the plaintiff, that the plaintiff would be entitled to a conveyance of the said land, and of the said slaves and their Increase, as. well as payment of the said balance, or, in case the balance shall be against the plaintiff, then, on payment thereof, to have a re-conveyance of the said land and slaves. And it was therefore referred to the master to take those accounts and also an account of any waste, spoil, or damage committed on the land.
 

 A witness, examined in the cause, stated in his deposition, that he purchased two of the slaves from John Bnffalow, before this soil was brought, and paid the fall value for them.
 

 The first, error in the decree, as assigned id the petition, its,
 
 íhsí
 
 it. declares the plaintiff entitled
 
 to
 
 a conveyance of
 
 *115
 
 ühose two slaves, and to their hires and profits, instead of requiring him to take the purchase money and interest. ■ .
 

 The decree is not erroneous in this particular, but is precisely what the court was compelled to pronounce. Prima* riiy. the plaintiff is entitled to recover specifically the property, which his father was induced, by fraud, to conveyo So, on the other hand, the defendants were entitled to insist^ that the plaintiff should take such a conveyance, and not a money decree against them for the value. If, indeed, the fraudulent donee sold a part of the property, that 'circumstance may vary the relief which can be given to3lhe plaintiff. We say may, because it does not necessarily follow, that it
 
 muse
 
 vary the relief. The sale may have been with notice or not, for a price paid, and then the plaintiff would be entitled to a decree against the purchaser, and to that end to amend his bill, so as to bring him in; or the plaintiff might waive that, and take the decree, offered by the other side, for the price and interest. The only question is, how these matters are to be brought forward. If the defendants state a sale in the answer, shewing that the property is no longer liable to the plaintiff’s equity, then the Court must ascertain and declare the fact, one way or the other, as a ground of a decree, either for the slave or for the value. But theCourt can make no declaration in the decree of a fact, which is not in issue in the pleadings; nor pay any respect to evidence, if such it may be called, touching such fact. In tiie present case the bill does not allege the sale of any slaves as it did of the land; and the answer is also silent upon the subject. The Court could not, then, find that the slaves had been sold; and the decree necessarily proceeded upon the presumption that they had not been. Neither party, however, was precluded from bringing forward the matter, notwithstanding-the silence of the pleadings upon it. But that must be in some way which will enable the Court to have the fact ascertained; which, when the pleadings do not form an issue on it, must necessarily be by an inquiry by the master. Such an enquiry will be directed at the instance of either party; but ought not to be made unless upon the application of a party. The defendant might have thought it in his power,
 
 *116
 
 and to be his interest to purchase both the slaves, and account for hires rather than for the price he received and interest. . It is impossible the Court can divine the motives which may actuate parties, or how their interests may incline them to act. It was the omission of the party not to attend to the drawing up of the decree, and not to ask to have this matter embraced in the reference, and not an error in the Court, not to declare a fact on the hearing, which neither party alleged, or direct, or not to direct an enquiry, which neither party then wished, or at least, moved for.
 

 The decree is next .complained of, because it finds, that no consideration appears to have been paid by Hutchins for the land: whereas, in fact and truth, as th,e petition states, he paid a full price, and the same was proved in the cause.
 

 Upon looking into the evidence, to which the petition refers, it is found, that, upon certain enquiries directed by the Court preparatory to the hearing, a witness, Utley, when under examination upon an enquiry on a different subject, namely, as to the value of the estates conveyed bytheplain-iff’s father to John Buffalow, states incidentally, “that he sold the land to John Hutchings for $ 100.” If it had been competent to take that evidence on that enquiry, it proves nothing to the purpose. One, who sets up the defence that he is a purchaser, must shew that he paid the price and took a conveyance, before he had notice of the other party’s equity. The witness does not prove that the price was ever actually paid, much less when it was paid. Th,e petition, however, further states that the witness did so prove, and that the master, by mistake or inadvertence, omitted to set d.own his words — of which the parly was ignorant when the decree was entered, and for confirmation thereof, it refers to the testimony of the same witness before the master, upon the en-quiry under this decree itself. In this last examination Ut. ley states, that Hutchins paid him $50, inmoney,and also paid three judgments against him for a little more than $50. It would not be proper to omit the remark, that this is not the subject, of a petition to rehear. It suggests no error of the Court as to the law or the facts disclosed in .the decree. It seeks to correct an ommission of the master or a mistake of
 
 *117
 
 the party, and these are the subjects of a different method oí proceeding. Moreover, the Court could not lake notice of It -if ■ ,'. , , > . the evidence last given before the master, because it was not only irrelevant to the enquiry before the master, but related to a fact, which was not then in issue, but had been already determined otherwise by the Court. But if the evidence was competent and relevant, it is not sufficient and does not prove the fact sought; for the witness retains his reserve as to the period of the payment, which might have been after suit brought or after the decree pronounced.
 

 A third objection is, that the decree directs an account of waste, spoil or damage to the land, though none such is charged in the bill.
 

 Evidence was given before the master of waste, in suffering the houses and fences to decay and fall down. But, in point of fact, the master has reported nothing therefor, but only for the actual value of the wood cut and taken away and used by the defendant, to the damage of the land. In reality, therefore, the defendant is charged only with the profit or gain made by him; for which, as one converted into a trustee for the plaintiff, he must be liable. But it is not perceived why, in a case of this kind, an enquiry may not embrace waste committed or permitted, although not particularly stated in the pleadings. In a bill against the owner of a particular estate to enjoin from future waste, or to obtain an account for past waste, as such, the charges will be more specific as to the waste done or apprehended. But when the object of the bill is to turn the party into a trustee for the plaintiff, upon the ground of a fraud, and, as such, to have an account from him, the allegations are not precise, touching the profits and issues, improvements or injuries to the property. An account of issues and profits is asked, without going into any bill of particulars; and, under that general head, it. is usual to direct a reference as to the profits made, or that might have been made by the defendant, and as to permanent improvements erected by him or suffered by him to decay, and the like. This decree does not go beyond what is usual in this respect, nor what, in our opinion, is proper.
 

 
 *118
 
 The last objection is, that the bill was filed by the plain.- ^ ^ou^e capacity of heir at law and administrator of his father, against the defendant Buffalow in respect of the personal property, and against the defendant Hutchins in respect of the land. We are cot prepared to say that this .formal objection could, in this case,' have been sustained, if taken in due manner and apt time. But we need not decide that point, because it is clear the objection comes too late. An objection for multifariousness must be taken by demurrer and cannot be taken at the hearing.
 
 Ward
 
 v
 
 Cooke, 5
 
 Mad. Rep. 122.
 
 Wynne v
 
 Callender, 1 Russ. Rep. 293. In the latter case, one of three defendandants demurred and his demurrer was allowed; while against a second, who insisted on the matter in his answer, there was a decree, after timo taken by the Master of the Rolls to consider the point and enquire into the practice. But in our case the point is not raised in the answer, nor was it urged,
 
 ore tenus
 
 even, on the hearing; and cannot now be a ground for refusing to the plaintiff the benefit of an equity, ascertained on the proof.
 

 Having thus gone through the reasons assigned in the petition and finding none of them sufficient to impeach the decree, it must stand. But as there is little doubt that the defendant did sell two of the slaves to a
 
 bonajida
 
 purchaser and that they are now beyond his reach, we do not think it improper to recommend to the parties to state an account ■upon, the footing of that sale, and, by consent,
 
 to
 
 modify the decree accordingly. The Court cannot judicially act upon that sale, but would be gratified that the parties should do so at once, instead oí the one proceeding to process of contempt against the other.
 

 We do not find any difficulty on
 
 the
 
 exceptions. The defendant Buffalow excepts, because the master charges him with the b ires of the slaves, said to have been sold by him, instead of the purchase money and interest. This is untenable; for the account is agreeable to the decree, and the error, if one, is not that of the master, but of the Court.
 

 The defendant Hutchins excepts, 1st, that he is not credited with the purchase-money of the land and interest. It is x^ery certain the plaintiff’s father received no part of that
 
 *119
 
 price, and, therefore, this defendant is entitled to no credit as against him. The matter is between the defendants them- , . , . , , . selves, and the plaintiff has no concern m
 
 it
 

 This defendant also takes two other exceptions: that he is charged too high a rent, and that he is charged too much for waste or damage. But these also must be over-ruled; for the report is fully sustained in these respects by the proofs before the master.
 

 Per Ctjei&Mj Decree accordingly.